**Opinion issued May 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00940-CR

## NO. 01-11-00941-CR

————————————

**JORGE RUBIO MENDOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1251411 & 1251412**

---

## O P I N I O N

A jury convicted appellant, Jorge Rubio Mendoza, of two counts of indecency with a child[1] and assessed punishment at fifteen years' confinement and

---

[1]    *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2011).

twenty years' confinement, to run concurrently.[2] The written judgments ordered appellant to pay $590 in court costs for each conviction. In his sole issue, appellant contends that insufficient evidence supports the trial court's assessment of court costs.

We affirm.

## Background

Appellant challenges neither his convictions nor his sentences for indecency with a child. His only issue on appeal relates to the imposition of $590 in court costs against him in the written judgments for each of his convictions. Appellant does not challenge the imposition of a specific cost or the basis for a specific cost.

The written judgments stated the aggregate amount of court costs—$590—to be imposed against appellant in each case. An itemized bill of costs was not produced at the time the trial court pronounced appellant's sentence in open court or at the time the trial court signed the written judgments. The original clerk's record on appeal did not contain a bill of costs.

On April 15, 2013, after appellant had filed his appellate brief challenging the sufficiency of the evidence to support the imposition of court costs, the district clerk filed a supplemental record in each appellate cause number that contained an

---

[2] Appellant's conviction in trial court cause number 1251411 resulted in appellate cause number 01-11-00940-CR, and his conviction in trial court cause number 1251412 resulted in appellate cause number 01-11-00941-CR.

itemized bill of costs. This document, entitled "Criminal Bill of Cost," set out the description of the assessed fees and the amounts assessed, and the document bore the seal and signature of the district clerk of Harris County, a certification that the document "is a true and correct copy of the original record," and the signature of the deputy who prepared the document.

Appellant filed an objection to the supplemental record in this Court, arguing that the record does not reflect that the bill of costs was ever presented to the trial court at the time it signed the written judgments and, therefore, this Court should not consider the bill. Appellant also argued that because there was no indication that he was given notice of the bill of costs at the time the trial court rendered judgment against him, upholding the imposition of court costs based on this bill would constitute a denial of due process.

## Sufficiency of Evidence to Support Assessment of Court Costs

The Court of Criminal Appeals recently addressed the issue presented in this case in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014). In that case, the written judgment ordered Johnson to "pay all fines, court costs, and restitution as indicated above," and $234 was written in the space labeled "Court Costs." *Id.* at 387. While the case was pending before the Fourteenth Court of Appeals, the district clerk supplemented the appellate record with a printout entitled "J.I.M.S. COST BILL ASSESSMENT," which itemized the court costs that had accrued and

contained the seal of the district clerk of Harris County. *Id.* at 388, 392–93. The Fourteenth Court declined to consider this printout, concluding that it was not a bill of costs and that there was no indication that the printout had been brought to the attention of the trial court. *See Johnson v. State*, 389 S.W.3d 513, 515 n.1 (Tex. App.—Houston [14th Dist.] 2012), *aff'd as modified*, 423 S.W.3d 385. The Fourteenth Court ultimately concluded that no evidence in the record supported the "trial court's assessment of a specific dollar amount as court costs," and it deleted the specific amount of costs stated in the trial court's written judgment. *Id.* at 517.

In addressing whether sufficient evidence existed to support the imposition of court costs against Johnson, the Court of Criminal Appeals first noted that the Code of Criminal Procedure requires that judgments order defendants to pay court costs. *See Johnson*, 423 S.W.3d at 389; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.16 (Vernon 2006) ("If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."). Court costs listed in a certified bill of costs need not be orally pronounced or incorporated by reference into the written judgment to be effective. *See Johnson*, 423 S.W.3d at 389 (citing *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011)). Only statutorily authorized court costs may be assessed against a defendant. *Id.* "Mandatory" costs are those that are "a predetermined,

4

legislatively mandated obligation imposed upon conviction," and because these costs are "fixed by statutes that are published publicly in the laws of the State of Texas," defendants have constructive notice of these obligations. *Id.*

Claims that challenge the basis for assessed court costs differ from claims that challenge the sufficiency of evidence of guilt. *Id.* (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Court costs are not part of a defendant's guilt or sentence, and they need not be proven at trial; instead, court costs are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.* at 390 (quoting *Armstrong*, 340 S.W.3d at 767). Thus, in determining whether sufficient evidence supports the imposition of court costs, reviewing courts do not apply "traditional *Jackson* evidentiary-sufficiency principles." *Id.*; *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (setting out standard to be used in determining sufficiency of evidence of guilt). Rather, courts "review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Johnson*, 423 S.W.3d at 390.

The Court of Criminal Appeals held in *Johnson* that a defendant may raise a claim challenging the bases of the assessed court costs for the first time on appeal. *Id.* The court further held that "a bill of costs is a relevant item that if omitted from

5

the [appellate] record, can be prepared and added to the record via a supplemental clerk's record." *Id.* at 392. A bill of costs must "contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and it must be certified." *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) ("A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost."); *id.* art. 103.006 (Vernon 2006) (providing that if criminal action is appealed, officer of court shall certify and sign bill of costs stating costs that have accrued and send bill to appellate court).

Furthermore, because matters pertaining to court costs have "no bearing on the guilt or sentence of a criminal defendant," these matters, including a bill of costs prepared after the defendant's trial, need not be brought to the attention of the trial court before being addressed on appeal. *See Johnson*, 423 S.W.3d at 394. The Court of Criminal Appeals also held that "a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record." *Id.* at 395. The court also acknowledged, however, that a bill of costs "is the most

6

expedient, and therefore, preferable method" for establishing the amount of court costs. *Id.* at 396.

In *Johnson*, the Court of Criminal Appeals examined the document contained in the supplemental clerk's record: a printout entitled "J.I.M.S. COST BILL ASSESSMENT." *Id.* at 392. This document itemized the court costs that had accrued in Johnson's case, contained the seal of the district clerk of Harris County, which certified that the document was a true and original copy, and was signed by a deputy clerk. *Id.* at 393. The court concluded that this document "is a bill of costs for purposes of [Code of Criminal Procedure] Chapter 103." *Id.* The court ultimately concluded that the record in *Johnson* was supplemented by a bill of costs and that, "[a]bsent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." *Id.* at 396. The Court of Criminal Appeals thus reinstated the court costs award against Johnson. *Id.*

We first note that, here, appellant does not challenge a specific cost, nor does he challenge the basis for assessing a specific cost. *See id.* The district clerk of Harris County filed a supplemental record in each of the appellate cause numbers in this case, and these records contained a printout entitled "Criminal Bill of Cost." The printout consisted of a table which listed numerous fees and the

"amount assessed" for the fees relevant to appellant's case.[3] The printout stated that the "Total Amount Assessed" was $590.[4] This printout also bore the seal and signature of the district clerk of Harris County, a certification that this document "is a true and correct copy of the original record," and the signature of the deputy clerk who prepared the bill of costs. We conclude that this printout constitutes a "bill of costs" that satisfies the requirements of Code of Criminal Procedure Chapter 103 and supports the imposition of $590 in court costs against appellant in each of the trial court's written judgments. *See id.* at *5, 8.

We therefore hold that the bill of costs included in the supplemental record on appeal supports the trial court's imposition of $590 in court costs against appellant in each cause number.

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 102.004(a) (Vernon 2006) (requiring fee of $20 when defendant convicted by jury); *id.* art. 102.0045(a) (Vernon Supp. 2013) (charging $4 for juror service reimbursement); *id.* art. 102.005(f) (Vernon 2006) (requiring fee of $25 for records management and preservation services); *id.* art. 102.011(a) (Vernon Supp. 2013) (requiring total of $45 in this case in fees for services of peace officers); *id.* art. 102.0169(a) (Vernon Supp. 2013) (charging $4 for court technology fee); *id.* art. 102.017(a) (Vernon Supp. 2013) (charging $5 security fee upon conviction in district court); *id.* art. 102.0186(a) (Vernon Supp. 2013) (requiring fee of $100 for child abuse prevention upon conviction for indecency with child); *id.* art. 102.020 (Vernon Supp. 2013) (requiring defendant to pay $250 related to DNA testing for indecency with child offense); TEX. LOC. GOV'T CODE ANN. § 133.102(a) (Vernon Supp. 2013) (requiring defendant to pay $133 upon felony conviction); *id.* § 133.105(a) (Vernon 2008) (charging $6 upon conviction for support of judiciary); *id.* § 133.107(a) (Vernon Supp. 2013) (charging $2 for indigent defense support).

[4] The fees imposed against appellant actually add up to $594. However, the bill of costs and the written judgments all assess only $590 in court costs against appellant.

We overrule appellant's sole issue.[5]

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Publish. TEX. R. APP. P. 47.2(b).

---

[5] In his objection to the district clerk's supplemental record, appellant argues that because the record contains no indication that he was given notice of the cost bill at the time the trial court rendered judgment against him, he was denied due process. The Court of Criminal Appeals rejected this argument in *Cardenas v. State*, 423 S.W.3d 396 (Tex. Crim. App. 2014), holding that because defendants have constructive notice of mandatory statutory court costs and the opportunity to object to the imposition of costs either for the first time on appeal or in a proceeding under Code of Criminal Procedure article 103.008, a defendant's "right to due process of law has been satisfied with respect to notice and an opportunity to be heard regarding the imposition of court costs." *See id.* at 399; *see also* TEX. CODE CRIM. PROC. ANN. art. 103.008 (Vernon 2006) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs."). We overrule appellant's objection to the supplemental record filed on May 7, 2013.