# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00616-CR

**Alexis Marie Ireland, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 69086, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Alexis Marie Ireland was placed on deferred adjudication community supervision after she pled guilty to forgery. *See* Tex. Penal Code § 32.21(a)(1)(A), (B); Tex. Code Crim. Proc. art. 42.12, § 5(a). Subsequently, after granting the State's third motion to adjudicate guilt, the trial court adjudicated appellant guilty, revoked her community supervision, and assessed her punishment at two years' confinement in a state jail facility.[1] *See* Tex. Code Crim. Proc. art. 42.12, § 5(b); Tex. Penal Code § 12.35. On appeal, appellant complains about error in the written judgment adjudicating guilt concerning the restitution ordered and the court costs imposed. Based

---

[1] The State's third motion to adjudicate contained 12 allegations concerning appellant's violations of supervision conditions, which included the commission of a burglary of a building offense, the failure to report to her community supervision officer, the failure to pay court costs, the failure to pay the fine, the failure to pay restitution, and the failure to pay various fees associated with the conditions of her supervision. At the adjudication hearing, appellant pled true to all of the allegations in the motion, and the trial court found that appellant had violated the conditions of her supervision as alleged.

on our examination of the trial court record, we sustain appellant's complaint regarding restitution, modify the judgment adjudicating guilt to delete the restitution order, and affirm the judgment as modified.

## DISCUSSION

Appellant asserts that the judgment adjudicating guilt (1) erroneously orders her to pay restitution and (2) assesses an amount of court costs not supported by the evidence.

### Restitution Order

Appellant argues that the restitution ordered in the written judgment adjudicating guilt should be deleted because it constitutes a void sentence.

We review a challenge to a trial court's restitution order under an abuse of discretion standard. *Fuelberg v. State*, 447 S.W.3d 304, 317–18 (Tex. App.—Austin 2014, pet. ref'd); *see Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980).

A sentencing court may order a defendant to pay restitution to the victim of an offense. Tex. Code Crim. Proc. art. 42.037(a); *Hanna v. State*, 426 S.W.3d 87, 92 (Tex. Crim. App. 2014). However, the restitution ordered must be (1) only for the offense for which the defendant is criminally responsible; (2) only for the victim or victims of the offense for which the defendant is charged; and (3) for a just amount supported by a factual basis within the record. *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014); *O'Neal v. State*, 426 S.W.3d 242, 246 (Tex. App.—Texarkana 2013, no pet.); *see Campbell*, 5 S.W.3d at 696–97.

"A trial judge does not have authority to order restitution to anyone except the victim(s) of the offense for which the defendant is convicted." *Burt*, 445 S.W.3d at 758; *see Cabla v. State*, 6 S.W.3d 543, 545–46 (Tex. Crim. App. 1999) (observing that restitution is intended to adequately compensate victim of offense in course of punishing criminal offender and is focused on victims of offenses for which defendant has been convicted); *Martin v. State*, 874 S.W.2d 674, 679–80 (Tex. Crim. App. 1994) (holding that restitution order may not compensate all victims of general scheme to defraud when defendant was charged with defrauding only one investor). For purposes of the restitution statute, a "victim" is any person who suffered loss as a direct result of the criminal offense. *Hanna*, 426 S.W.3d at 94. "The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the prosecuting attorney." Tex. Code Crim. Proc. art. 42.037(k); *see Hanna*, 426 S.W.3d at 94–95. The phrase "as a result of the offense" includes the notion of both actual and proximate causation. *Hanna*, 426 S.W.3d at 95. "[T]he damage must be a 'direct' result of the defendant's criminal offense—that is, the State must prove, by a preponderance of the evidence, that the loss was a 'but for' result of the criminal offense and resulted 'proximately,' or foreseeably, from the criminal offense." *Id.*

Here, the record reflects that in the instant offense appellant passed a forged check in the amount of $7,475.41 to a bank teller. The teller became suspicious due to the high amount and took the check to a manager, who made a phone call and confirmed that the check was a forgery. The police were called, and appellant was arrested. The bank later discovered that appellant had successfully cashed a forged check in the amount of $1,922.57 at the bank the previous day. The restitution ordered by the trial court when it adjudicated appellant guilty for the instant offense was

3

for the previous day's check. However, while the bank was a victim of the previous day's forgery offense, it was not a victim of the instant forgery offense for which appellant was convicted. The $1,922.57 loss was not proximately caused by appellant passing the forged $7,745.41 check. Accordingly, the trial court was without authority to order $1,922.57 restitution to the bank when it adjudicated appellant guilty of the instant forgery offense.

We sustain appellant's point of error and modify the judgment adjudicating guilt to delete the restitution order. *See Burt*, 445 S.W.3d at 757–58 (deletion of written restitution order is appropriate when trial judge does not have statutory authority to impose specific restitution order).

**Court Costs**

In her second point of error, appellant complains about the amount of court costs ordered in the judgment adjudicating guilt.

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The Texas Code of Criminal Procedure requires that a convicted defendant pay court costs. Tex. Code Crim. Proc. arts. 42.15 (applying when punishment is only fine), 42.16 (applying when punishment imposed is other than fine); *see Johnson*, 423 S.W.3d at 389. The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). However, only statutorily authorized court costs may be assessed against a

4

defendant. *Id.* at 389; *see* Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law.").

Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference into the written judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong*, 340 S.W.3d at 766–67); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Consequently, a defendant may raise a claim challenging the bases of the assessed court costs for the first time on appeal. *Johnson*, 423 S.W.3d at 391; *Mendoza v. State*, 435 S.W.3d 343, 345 (Tex. App.—Houston [1st Dist.] 2014, no pet.). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Johnson*, 423 S.W.3d at 390.

Although appellant acknowledges that the bill of costs associated with the judgment adjudicating guilt in this case reflects that no payments toward court costs have been made, she maintains that prior motions to adjudicate—alleging various delinquencies in the payment of court costs—and the disposition of those motions indicate that appellant made some payments toward the $246.00 court costs originally assessed. Thus, appellant challenges the amount of court costs ordered in the judgment adjudicating guilt because, she contends, the "factual basis" for the amount of court costs reflected in the bill of costs is lacking.[2]

Appellant is asking us to conduct a traditional evidentiary sufficiency review to resolve her claim challenging the assessment of the court costs in this case, which is not the

---

[2] The amount of court costs ordered in the judgment adjudicating guilt, and reflected by the associated bill of costs, is $572.00, of which $246.00 was assessed when appellant was placed on deferred adjudication community supervision.

applicable review standard. Claims that challenge the basis for assessed court costs differ from claims that challenge the sufficiency of evidence of guilt to support a conviction. *Id.* (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). "[C]ourt costs are not part of a defendant's guilt or sentence, and they need not be proven at trial[.]" *Id.* Thus, "[courts] review the assessment of court costs on appeal to determine if there is a basis for the cost, *not to determine if there was sufficient evidence offered at trial to prove each cost*, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.* (emphasis added); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (establishing standard for determining sufficiency of evidence to support conviction).

Here, the record contains a certified bill of costs for $572.00, listing 14 court costs that appellant was required to pay under the Code of Criminal Procedure, the Government Code, or the Local Government Code.[3] Thus, sufficient basis exists for the assessment of the court costs in

---

[3] The bill of costs lists the following fees assessed against appellant: District Clerk, *see* Tex. Code Crim. Proc. art. 102.005(a) (mandating $40 fee "for the services of the clerk of the court"); Sheriff, *see id.* art. 102.011 (mandating various fees for services performed by peace officer); Capias Warrant Fee, *see id.* art. 102.011(a)(2) (mandating $50 fee "for [peace officer] executing or processing an issued warrant or capias"); Clerk Court Technology Fund, *see id.* art. 102.0169 (mandating $4 court technology fee); Courthouse Security, *see id.* art. 102.017(a) (mandating $5 security fee); District Clerk Record Preservation, *see id.* art. 102.005(f)(2) (mandating $2.50 fee for records management and preservation services performed by clerk of court); Records Management, *see id.* art. 102.005(f)(1) (mandating $22.50 fee for records management and preservation in various county offices); Jury Service Fund, *see id.* art. 102.0045 (mandating $4 fee to reimburse counties for cost of juror services); Judiciary Support, *see* Tex. Loc. Gov't Code § 133.105(a) (mandating $6 fee "to be used for court-related purposes for the support of the judiciary"); Consolidated Court, *see id.* § 133.102(a)(1) (mandating $133 in court cost "on conviction of a felony"); Time Payments, *see id.* § 133.103 (mandating $25 fee if convicted person pays any part of fine, court costs, or restitution "on or after the 31st day after the date" on which judgment assessing such fine, court costs, or restitution is entered); Basic Criminal Legal Services, *see id.* § 133.107(a) (mandating $2 fee "to be used to fund indigent defense representation"); Administrative Transaction Fee, *see* Tex. Code Crim. Proc. art. 102.072 (authorizing assessment of $2 fee for each transaction made "relating to the collection of fines, fees, restitution, or other costs imposed by a court"); and State Elect Filing

6

this case. *See Johnson*, 423 S.W.3d at 394–95 (concluding that certified bill of cost is sufficient basis for assessing court costs).

Moreover, to the extent appellant challenges the imposition of that portion of the court costs assessed when she was placed on deferred adjudication community supervision, she is procedurally barred from doing so. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014). In *Perez v. State*, the Court of Criminal Appeals concluded that upon adjudication of guilt, when challenging the court costs assessed in the judgment adjudicating guilt, an appellant may not challenge the court costs assessed in the deferred adjudication order:

> Appellant did timely appeal the $240 court costs, which were noted in the judgment adjudicating guilt and included the $203 that had been initially assessed in the deferred-adjudication order. Since appellant failed to challenge the $203 assessment of costs in a timely appeal of that deferred adjudication order and thus forfeited any appellate complaint as to that sum, the instant, timely, appeal properly challenges only the $37 of court costs that were added to the initial $203. Thus the court of appeals had jurisdiction to address only $37 of appellant's challenge to the assessment of $240 in court costs.

*Id.* at 86.

Appellant also challenges the assessment of the $5.00 fee listed on the bill of costs as "State Elect Filing Fee – Crimi."[4] Based on her inability to discern a statute authorizing the fee,

Fee – Crimi, *see* Tex. Gov't Code § 51.851(d), (i) (mandating $5 fee "as a court cost on conviction of any criminal offense" to be deposited in statewide electronic filing system fund). All but two of these listed fees were assessed at the time appellant was placed on deferred adjudication community supervision and again when she was adjudicated guilty.

[4] In the first part of her argument, appellant asserts that this Court should vacate the court costs and remand the case to the trial court for a new hearing to determine the amount of court costs. She argues that on remand, the trial court should be "prohibited from imposing" this particular fee. Because we reject her claim regarding the lack of basis for the assessed court costs, we address her

she contends that no statutory basis exists for it. However, section 51.851 of the Government Code, entitled "Electronic Filing Fee," mandates the collection of fees "on the filing of any civil action or proceeding requiring a filing fee" or "on conviction of any criminal offense." *See* Tex. Gov't Code § 51.851(b), (d). Specifically, subsection (d) of that statute provides, "In addition to other court costs, a person shall pay $5 as a court cost on conviction of any criminal offense in a district court, county court, or statutory county court." *Id.* § 51.851(d). The statute further mandates that the fees collected pursuant to the statute be remitted to the state comptroller for deposit into the statewide electronic filing system fund. *Id.* § 51.851(g), (i). We conclude that this statute provides authorization for the imposition of the challenged $5.00 fee appearing in the bill of costs.

Because we conclude statutorily authorized bases support the court costs assessed in this case, we overrule appellant's second point of error.

## CONCLUSION

We conclude that the trial court lacked authority to order the restitution imposed but further conclude that statutorily authorized bases support the court costs assessed in this case. Accordingly, we modify the judgment adjudicating guilt to delete the restitution order and affirm the judgment as so modified.

---

contention that the challenged $5.00 fee is unauthorized.

8

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed:   August 12, 2015

Do Not Publish

9