# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00615-CR

**Alexis Marie Ireland, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 72691, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In an open plea to the court, appellant Alexis Marie Ireland pled guilty to burglary of a building. *See* Tex. Penal Code § 30.02(a)(1). The trial court sentenced appellant to 180 days' confinement in a state jail facility and ordered her to pay $251.00 in court costs. *See id.* § 12.35. On appeal, appellant complains that the trial court's judgment of conviction contains an erroneous amount of court costs. We affirm the judgment, including the assessment of court costs ordered.

## DISCUSSION

In a single point of error, appellant contends the judgment of conviction ordering her to pay $251.00 in court costs overcharged her the sum of $7.00 because the bill of costs reflects the inclusion of a $2.00 "Administrative Transaction Fee" and a $5.00 "State Elect Filing Fee - Crimi," which, according to appellant, are unsupported costs.

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The Texas Code of Criminal Procedure requires that a convicted defendant pay court costs. Tex. Code Crim. Proc. arts. 42.15 (applying when punishment is only fine), 42.16 (applying when punishment imposed is other than fine); *see Johnson*, 423 S.W.3d at 389. The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). However, only statutorily authorized court costs may be assessed against a defendant. *Id.* at 389; *see* Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law.").

Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference into the written judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong*, 340 S.W.3d at 766–67); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Consequently, a defendant may raise a claim challenging the bases of the assessed court costs for the first time on appeal. *Johnson*, 423 S.W.3d at 391; *Mendoza v. State*, 435 S.W.3d 343, 345 (Tex. App.—Houston [1st Dist.] 2014, no pet.). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Johnson*, 423 S.W.3d at 390.

Appellant first challenges the imposition of the $2.00 "Administrative Transaction Fee" listed in the bill of costs. She contends that the "factual basis" for the fee is lacking because

2

the fee can only be imposed when there has been an attempt to collect the fee and "there is no evidence that an officer has tried to collect any fees."

However, article 102.072 of the Code of Criminal Procedure, entitled "Administrative Fee," authorizes an administrative fee to be assessed "for each transaction made . . . relating to the collection of fines, fees, restitution, or other costs imposed by a court."[1] *See* Tex. Code Crim. Proc. art. 102.072. The statute contains no requirement that collection of costs be attempted before the imposition of the administrative fee is authorized. The plain language of the statute simply requires a "transaction" "relating to" the collection of costs; it does not require a collection attempt. Accordingly, we decline to incorporate a collection-attempt requirement into the statute, *see Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (when interpreting statutes, "[w]e focus our analysis on the literal text of the statute and 'attempt to discern the fair, objective meaning of that text at the time of its enactment'" (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)); *Reynolds v. State*, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014) ("Where [statutory] language is clear and unambiguous, we will give effect to its plain meaning, unless that meaning would lead to absurd consequences that the legislature could not have intended."), and conclude that no evidence of a collection attempt is required to support the assessment of a transaction fee.

Moreover, we do not review the sufficiency of the evidence presented at trial when reviewing the assessment of court costs. Claims that challenge the basis for assessed court costs differ from claims that challenge the sufficiency of evidence of guilt to support a conviction.

---

[1] The fee may not exceed $2.00 per transaction, and the statute does not apply to transactions relating to the collection of child support. *See* Tex. Code Crim. Proc. art. 102.072.

3

*Johnson*, 423 S.W.3d at 390 (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). "[C]ourt costs are not part of a defendant's guilt or sentence, and they need not be proven at trial[.]" *Id.* Thus, "[courts] review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.*; *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (establishing standard for determining sufficiency of evidence to support conviction).

Here, the administrative transaction fee appellant challenges is a statutorily authorized fee. The statute authorizing the fee does not require a collection attempt before the fee is assessed nor is an evidentiary showing of a collection attempt necessary to support the assessment of the fee. Accordingly, a sufficient basis exists for the assessment of the administrative transaction fee in this case.

Appellant next challenges the imposition of the $5.00 fee listed on the bill of costs as "State Elect Filing Fee – Crimi." Based on her inability to discern a statute authorizing the fee, she contends that no statutory basis exists for it. However, section 51.851 of the Government Code, entitled "Electronic Filing Fee," mandates the collection of fees "on the filing of any civil action or proceeding requiring a filing fee" or "on conviction of any criminal offense." *See* Tex. Gov't Code § 51.851(b), (d). Specifically, subsection (d) of that statute provides, "In addition to other court costs, a person shall pay $5 as a court cost on conviction of any criminal offense in a district court, county court, or statutory county court." *Id.* § 51.851(d). The statute further mandates that the fees collected pursuant to the statute be remitted to the state comptroller for deposit into the statewide

4

electronic filing system fund. *Id.* § 51.851(g), (i). We conclude that this statute provides authorization for the imposition of the challenged $5.00 fee appearing in the bill of costs.

For the forgoing reasons, we overrule appellant's sole point of error.

## CONCLUSION

Because we conclude a statutorily authorized basis exists for each of the court costs appellant challenges, we affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 12, 2015

Do Not Publish