# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00421-CR

**Stanley Bernard Abney, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 43389, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Stanley Bernard Abney of aggravated assault on a public servant and evading arrest or detention with a prior evading conviction, *see* Tex. Penal Code §§ 22.02(a)(2), (b)(2)(B), 38.04(a),(b)(1), and assessed his punishment at confinement for ten years in prison and one year in a state jail facility, respectively, *see id.* §§ 12.32, 12.35. The trial court sentenced appellant in accordance with the jury's verdicts. In a single point of error, appellant complains about the court costs assessed against him. We find no error in the assessment of costs. However, through our own review of the record, we have found non-reversible error in the written judgments of conviction. We will modify the judgments to correct the clerical errors and, as modified, affirm the judgments.

## DISCUSSION

### Court Costs

In the judgment of conviction for the aggravated assault offense, the trial court ordered appellant to pay $269.00 in court costs.[1]  In his sole point of error, appellant asserts that the amount of court costs assessed against him do not comport with the amount authorized by statute. At the time appellant filed his brief, the appellate record contained no bill of costs.  Thus, instead of reviewing the actual costs assessed, appellant "appl[ied] the relevant statutes" and concluded that only costs totaling $257.79 should have been assessed.  Accordingly, he contends that the amount of $269.00 in court costs overcharged him by $11.03.  However, since the filing of appellant's brief, a supplemental clerk's record containing the bill of costs has been filed.  Reviewing the court costs assessed as reflected by that bill of costs, we find no error in the $269.00 court costs ordered by the trial court in this case.

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).  The Texas Code of Criminal Procedure requires that a convicted defendant pay court costs.  Tex. Code Crim. Proc. arts. 42.15 (applying when punishment is only fine), 42.16 (applying when punishment imposed is other than fine); *see Johnson*, 423 S.W.3d at 389.  The imposition of court costs upon a criminal defendant is

---

[1]  In accordance with the Code of Criminal Procedure, the trial court did not order the payment of court costs in the evading arrest or detention judgment of conviction.  *See* Tex. Code Crim. Proc. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.").

a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). However, only statutorily authorized court costs may be assessed against a defendant. *Id.* at 389; *see* Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law.").

Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference into the written judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong*, 340 S.W.3d at 766–67); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Consequently, a defendant may raise a claim challenging the bases of the assessed court costs for the first time on appeal. *Johnson*, 423 S.W.3d at 391; *Mendoza v. State*, 435 S.W.3d 343, 345 (Tex. App.—Houston [1st Dist.] 2014, no pet.). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Johnson*, 423 S.W.3d at 390.

Here, the certified bill of costs lists fifteen court costs that appellant was required to pay under the Code of Criminal Procedure, the Government Code, or the Local Government Code. The bill of costs lists the following fees assessed against appellant:

- "Clerk's Fee" of $40.00, *see* Tex. Code Crim. Proc. art. 102.005(a) (mandating $40 fee "for the services of the clerk of the court");

- "Consolidated Court Costs Fee" of $133.00, *see* Tex. Loc. Gov't Code § 133.102(a)(1) (mandating $133 in court cost "on conviction of a felony");

- "Court Technology Fund" fee of $4.00, *see* Tex. Code Crim. Proc. art. 102.0169(a) (mandating $4 court technology fee as cost of court);

- "Courthouse Security Fee" of $5.00, *see id.* art. 102.017(a) (mandating $5 security fee as cost of court);

- "Criminal State Electronic Filing Fee" of $5.00, *see* Tex. Gov't Code § 51.851(d), (i) (mandating $5 fee "as a court cost on conviction of any criminal offense" to be deposited in statewide electronic filing system fund).

- "Indigent Defense Fund" fee of $2.00, *see* Tex. Loc. Gov't Code § 133.107(a) (mandating $2 fee "to be used to fund indigent defense representation");

- "Judiciary Support Fee – State" of $5.40 and "Judiciary Support Fee – County" of $0.60, *see id.* §§ 133.105(a) (mandating $6 fee "to be used for court-related purposes for the support of the judiciary"), (b) (mandating $0.60 of $6 fee collected under subsection (a) to be deposited to general county fund);

- "Juror Reimbursement Fee" of $4.00, *see* Tex. Code Crim. Proc. art. 102.0045(a) (mandating $4 fee to reimburse counties for cost of juror services);

- "Jury Conviction Fee" of $20.00, *see* Act of May 18, 1989, 71st Leg., R.S., ch. 1080, § 3(a), 1989 Tex. Gen. Laws 4354, 4355 (amended 2015) (current version at Tex. Code Crim. Proc. art. 102.004(a)) (mandating $20 jury fee for defendant convicted by jury in county court, county court at law, or district court);[2]

- "Records Management Preservation Fee" of $22.50, *see* Tex. Code Crim. Proc. art. 102.005(f)(1) (mandating $22.50 fee for records management and preservation in various county offices);

- "Records Management Preservation Fee (2)" of $2.50, *see id.* art. 102.005(f)(2) (mandating $2.50 fee for records management and preservation services performed by clerk of court);

- "Time Payment Fee – County 1" of $2.50, "Time Payment Fee – County 2" of $10.00, and "Time Payment Fee – State" of $12.50, *see* Tex. Loc. Gov't Code §§ 133.103(a) (mandating $25 fee if convicted person pays any part of fine, court costs, or restitution "on or after the 31st day after the date" on which judgment

---

[2] The current version of the statute authorizing a jury fee upon conviction by a jury in a county court, a county court at law, or a district court was amended in 2015 to increase the amount from $20 to $40 for offenses committed after the effective date of the amendment (September 1, 2015). *See* Tex. Code Crim. Proc. art. 102.004. Because appellant's offenses were committed in August 2014, the authorized amount of this fee was $20 for this case.

assessing such fine, court costs, or restitution is entered), (b) (requiring treasurer to "send 50 percent of the fees collected under this section to the [state] comptroller"), (c) (requiring treasurer to "deposit 10 percent of the fees collected under this section in the general fund of the county or municipality for the purpose of improving the efficiency of the administration of justice in the county or municipality"), (d) (requiring treasurer to deposit "remainder of the fees collected under this section in the general revenue account of the county or municipality").

Each of the fees reflected on the bill of costs is statutorily authorized. These assessed fees total court costs in the amount of $269.00. Thus, sufficient bases exists for the court costs ordered in the trial court's judgment in this case. We overrule appellant's sole point of error. *See Johnson*, 423 S.W.3d at 389 ("[W]hen a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost.").

**Clerical Error in Judgements**

However, on review of the record, we observe that the written judgments of conviction in this case contain a clerical error. The judgment of conviction for aggravated assault of a public servant states that the "Statute for Offense" is "22.02(b)(2)(B) Penal Code." The applicable statutory provisions for the aggravated assault offense as alleged in the indictment here, however, also include subsection (a)(2) of section 22.02 of the Penal Code. Similarly, the judgment of conviction for evading arrest or detention states that the "Statute for Offense" is "38.04(b)(1) Penal Code." However, the applicable statutory provisions for the evading offense as alleged in the indictment here also include subsection (a) of section 38.04 of the Penal Code.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28

5

(Tex. Crim. App. 1993).  Accordingly, we modify the aggravated assault judgment to reflect that the "Statute for Offense" is "22.02(a)(2), (b)(2)(B) Penal Code" and modify the evading arrest or detention judgment to reflect that the "Statute for Offense" is "38.04(a), (b)(1) Penal Code."

## CONCLUSION

Having concluded that statutorily authorized bases support the court costs ordered by the trial court in this case, we modify the judgments as noted above to correct non-reversible clerical error and, as modified, affirm the judgments of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Modified and, as Modified, Affirmed

Filed:   June 10, 2016

Do Not Publish

6