COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:      Jeffrey Curtis Johnson v. The State of Texas

Appellate case number:   01-17-00757-CR

Trial court case number:  75505

Trial court:                   426th District Court of Bell County

On August 10, 2017, appellant was convicted of capital murder and his punishment was automatically assessed at confinement for life with no opportunity for parole. In his judgment of conviction, the trial court assessed various court costs, ordering "that upon release from confinement, Defendant proceed immediately to the Office of the Bell County District Clerk" and "pay, or make arrangements to pay, . . . court costs . . . as ordered by the Court above." Appellant filed a notice of appeal, and the case was subsequently transferred from the Third Court of Appeals to this Court.

On April 5, 2018, counsel for appellant, Justin Bradford Smith, filed an appellate brief asserting, as appellant's sole issue on appeal, that the assessment of certain court costs was unconstitutional. However, because appellant is serving a life sentence without eligibility for parole, he will never be required to pay the court costs in conformity with the trial court's judgment of conviction. Thus, any complaints regarding the assessment of costs appear to be moot. *See Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005) ("A case that is moot is normally not justiciable."); *Ex parte Sewell*, 495 S.W.3d 54, 55 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see also Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd) (holding that mootness doctrine limits courts to deciding cases in which actual controversy exists and stating, "When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal.").

The brief filed by Smith on appellant's behalf does not raise any issues addressing the merits of appellant's conviction or sentence, but only the issue of costs that is moot. Accordingly, the brief filed on appellant's behalf is deficient. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (holding that court costs are not punitive but are merely collateral consequence of defendant's conviction and need not be incorporated into judgment); *Mendoza v. State*, 435 S.W.3d 343, 345 (Tex. App.—Houston [1st Dist.] 2014, no

pet.) ("Court costs are not part of a defendant's guilt or sentence[.]").  Neither does appellant's brief comply with the requirements of *Anders v. California*, which applies to cases in which appointed counsel cannot assert any meritorious grounds for reversal after a full review of the record.  *See* 386 U.S. 738, 742–44, 87 S. Ct. 1396, 1399–1400 (1967) (holding that summary proceedings concluding that defendant had been accorded fair and impartial trial "cannot be an adequate substitute for the right to full appellate review available to all defendants" and stating, "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client. . . .").

Counsel's brief here, asserting only moot complaints on a collateral issue, amounts to no more than a "bare conclusion" that his client's appeal lacks merit; and such a bare assertion is insufficient to meet the constitutional standards of effective assistance of counsel.  *See id.* at 742–43, 87 S. Ct. at 1399; *see also Hearne v. State*, 415 S.W.3d 365, 369–70 (Keyes, J., concurring) (discussing requirements of *Anders* and stating that "counsel's failure to raise any issues addressing the merits of the underlying conviction without following the protections of the *Anders* procedure deprives [appellant] of important constitutional rights").  By failing to provide a professional evaluation of the record, counsel's brief provides no aid to appellant or to this Court.  *See McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988) (requiring appellate court, in addition to determining whether counsel correctly determined that appeal is frivolous, to "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal); *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400 (requiring counsel to file brief that assists client by evaluating all potential grounds for appeal and aids Court in evaluating record); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978) (requiring "brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced").

Accordingly, we strike the defective brief filed on April 5, 2018, and afford counsel an opportunity to rebrief to address the deficiencies in the brief—either to assert arguments addressing the merits of the appeal or to file a brief that comports with the requirements of *Anders*.  *See* TEX. R. APP. P. 38.1 (setting out requisites for appellant's briefs); TEX. R. APP. P. 38.9 (requiring that briefing rules be construed liberally and permitting court to require additional briefing to address failures of form and substance); *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991) (discussing procedure to addressing defective *Anders* brief); *Banks v. State*, 341 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] March 11, 2010, no pet.) (same).

Counsel's brief will be due thirty days from the date of this order, and the State may file a response to the new brief within thirty days after the date the appellant's brief is filed.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes

 Acting individually

Date:  October 16, 2018