In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-14-00500-CR
_____

### EX PARTE BRIAN JOHN VANORMAN, Appellant

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-06-06332 CR**

## OPINION

Appellant Brian John Vanorman appeals the trial court's denial of his application for writ of habeas corpus seeking to be released from custody on a reduced or personal recognizance bond under article 17.151 of the Texas Code of Criminal Procedure. *See generally* Tex. Code Crim. Proc. Ann. art. 17.151 (West Supp. 2014). In a single issue, Vanorman contends the trial court abused its discretion in denying his application for writ of habeas corpus because the State was not ready for trial within ninety days from the commencement of his detention.

1

## Background

On June 9, 2014, Vanorman was arrested and detained for the offense of burglary of a habitation. On the same day, Vanorman was charged by complaint and information with burglary of a habitation (count one) and assault on a public servant (count two). The record reflects that on June 25, 2014, the trial court set bond amounts at $75,000 each for counts one and two. Vanorman posted bail and was released from custody on June 25, 2014.

On June 26, 2014, the State presented a motion to set aside Vanorman's bonds. The State presented evidence to the court *ex parte* that Vanorman violated the terms of his release by contacting the victim of his underlying offense and by failing to report to probation. The trial court granted the State's motion and ordered the bond set aside. The same day, the trial court ordered a capias issued for Vanorman's arrest. Vanorman was arrested and detained on June 26, 2014.

On July 2, 2014, Vanorman filed a motion to reinstate bail. On July 15, the court held a bond hearing to address Vanorman's motion. At the hearing, the trial court denied Vanorman's motion to reinstate bond. However, the trial court did set a new bond amount of $125,000 each for counts one and two. Vanorman again posted bail and was released from detention on July 16, 2014.

On July 22, 2014, the surety on Vanorman's bonds filed an affidavit for release of surety alleging that Vanorman had failed to comply with the surety

agreement and that he had reason to believe that Vanorman had fled the jurisdiction. On July 28, 2014, the trial court granted the surety's request and issued a warrant for Vanorman's arrest. On July 28, 2014, the trial court also entered an order setting aside the bonds because Vanorman violated the conditions of his bonds in that he failed to maintain the GPS monitor on his ankle and ordered a capias issued for Vanorman's arrest. Vanorman was arrested on July 30, 2014.

The record reflects that Vanorman was indicted on September 11, 2014 for the offenses of burglary of a habitation and assault of a public servant. On September 15, 2014, Vanorman filed a motion for release on personal recognizance bond or reduced bail in accordance with article 17.151 of the Code of Criminal Procedure. At the trial court's September 19, 2014 hearing, the court ruled that article 17.151 did not apply because Vanorman was not continuously detained for ninety days, and Vanorman was detained for a violation of the conditions of a previous release related to the safety of the victim of the alleged offense or the safety of the community.

Vanorman filed an application for writ of habeas corpus and bail reduction. According to his application, Vanorman was taken into custody June 9, 2014 and indicted on September 12, 2014. He contends that ninety-five to ninety-six days passed between the time of his arrest and indictment. Vanorman argued that the State could not be ready for trial because it had not indicted him for the underlying

3

offenses within ninety days of his detention. On October 9, 2014, the trial court held a hearing on Vanorman's application for writ of habeas corpus and denied Vanorman's application. Vanorman filed a timely notice of appeal.

## Article 17.151 of Code of Criminal Procedure

Vanorman contends the State is unlawfully holding him in violation of article 17.151 because the State failed to timely indict him and thus, could not be ready for trial within ninety days of his initial detention. *See generally* Tex. Code Crim. Proc. Ann. art. 17.151; *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.) ("The State cannot announce ready for trial when there is no indictment."). The State responds that article 17.151 is inapplicable to Vanorman's case. According to the State, Vanorman was indicted ninety-four days after his initial arrest, but had been released from custody twice and, as a result, had only been in custody for eighty-one days prior to the date the State obtained the indictment and was ready for trial. The State contends that the ninety-day period in article 17.151 should be interpreted to include only those days in which the accused is actually detained, and that periods of time in which an accused is released on bond should not be included in the calculation.

We review a trial court's decision to deny relief on a claim that the trial court violated article 17.151 for an abuse of discretion. *See Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App.—Fort Worth 2009, no pet.) (mem. op. on reh'g). In

4

reviewing the trial court's ruling, we view the evidence in the light most favorable to the ruling. *See id.* at 448-49. This case presents an issue requiring statutory construction, which is a question of law that we review de novo. *See Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). In our construction of a statute, we "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We first look to the literal text of the statute and construe the words and phrases contained therein in context and in accordance with normal rules of grammar and usage. *Harris*, 359 S.W.3d at 629 (quoting *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008)). We "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). We will consult extra-textual sources only if the statutory language is ambiguous or leads to absurd results that the Legislature could not have possibly intended. *Harris*, 359 S.W.3d at 629.

The trial court found that Vanorman was not entitled to release under article 17.151. Texas Code of Criminal Procedure article 17.151 provides in pertinent part:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the

5

> criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony[.]

Tex. Code Crim. Proc. Ann. art. 17.151, §1(1). The plain reading of the statute seems to suggest that it applies when (1) the State is not ready for trial, (2) the defendant is currently in detention and accused of a felony, and (3) ninety-days has passed from the commencement of defendant's detention. *See id*. Whether the "commencement of his detention" refers to defendant's initial detention or the commencement of the detention in which he is currently serving is unclear and not expressly covered by the statute. Additionally, the statute is silent as to the effect an interruption in detention might have in calculating the ninety-day period.

If we are to read the statute, as Vanorman suggests, as calculating the ninety days from the point defendant was initially detained, regardless of whether a defendant is released from custody during that time period, absurd results follow. Under such a construction, the statute could hypothetically be applied to release a defendant who had been detained for one day, released on bail, and then arrested eighty-nine days later for violating a condition of his initial release. In that scenario, the defendant had only been detained two days. Likewise, interpreting the statute to require detention for ninety continuous days also leads to absurd results. Under this construction, hypothetically, the State could employ a series of

6

detention and release cycles to subject a defendant to an indefinite number of cycles that could ultimately far exceed ninety days.

The only reasonable interpretation of article 17.151 is that the statute requires the defendant to be detained for ninety-days. The most recent Court of Criminal Appeals case interpreting article 17.151 supports this interpretation. In construing article 17.151, the Court explained that article 17.151 is "applicable only to a limited subset of defendants—those *in custody for over ninety days* and in whose cases the State is not ready for trial." *Ex parte Gill*, 413 S.W.3d 425, 430 (Tex. Crim. App. 2013) (emphasis added). The Court explained that article 17.151 contains two conditions "(1) the State's unreadiness for trial on the criminal action for which an accused is being held; and (2) that the accused *has been detained* pending trial *for ninety days*, if accused of a felony." *Id*. (emphasis added). Clearly, in interpreting article 17.151, the Court of Criminal Appeals contemplated that for article 17.151 to apply, the accused actually had to be in custody for ninety days. *See id*.

In this case, Vanorman was first detained on June 9, 2014 and released on June 25, 2014, for a total of seventeen days in detention. He was then arrested and detained again on June 26, 2014 and released on July 16, 2014, for a total of twenty-one days in detention. He was arrested and detained on July 30, 2014 and remained in detention through his indictment date of September 11, 2014, which

accounts for forty-four days of detention. As of the day Vanorman was indicted, he had been detained for a total of eighty-two days. Because Vanorman had not been detained ninety days when the State indicted Vanorman, we conclude article 17.151 of the Texas Code of Criminal Procedure was inapplicable and the trial court did not abuse its discretion in denying Vanorman's writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 17.151. We overrule Vanorman's sole issue and affirm the trial court's order denying Vanorman habeas corpus relief.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 18, 2015
Opinion Delivered April 1, 2015
Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

8