### EX PARTE Michael Brent SEWELL, Appellant.

### NO. 14-15-00640-CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 11, 2016

Mark W. Bennett, Houston, TX, for Appellant.

Eric Kugler, Houston TX, for State.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

**OPINION**

Ken Wise, Justice

Appellant Michael Brent Sewell appeals from the denial of his pretrial application for writ of habeas corpus challenging the constitutionality of section 21.15(b)(2) of the Texas Penal Code.

On December 18, 2015, the State dismissed the underlying charge under section 21.15(b)(2) in exchange for appellant's guilty plea to another offense in a separate case. Because appellant is no longer confined on the charge he challenged in his pretrial writ of habeas corpus, appellant's appeal of the denial of that writ is moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex.Crim.App.1992).

On December 30, 2015, the State filed a motion to dismiss based on mootness. Appellant responded to the motion arguing that this court should retain the appeal and address the merits of appellant's constitutionality arguments because his claim warrants an exception to the mootness doctrine.

The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex.App.—El Paso 2003, pet. ref'd). When there has ceased to be a controversy between the litigating parties, which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal. *Id.* A case that is moot is normally not justiciable. *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex.Crim.App.2005).

An exception to the general rule arises when a claim is "capable of repetition, yet evading review." The United States Supreme Court has said that "the 'capable of repetition but evading review' doctrine [is]

limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). The Texas Court of Criminal Appeals has adopted and applied this doctrine. *See Pharris*, 165 S.W.3d at 687–88.

■ Assuming arguendo that the challenged action was too short in duration to be fully litigated prior to the State's dismissal of the charges, appellant cannot show that he would be subjected to the same action again because the State dismissed the criminal charges that were filed against him in this case. *See Ex parte Bohannan*, 350 S.W.3d 116, 119–20 (Tex. Crim.App.2001) (holding that "capable of repetition, yet evading review" doctrine was not satisfied because there was no reasonable expectation that the complaining party would be subjected to the same action again). *Cf. id.* at 688–89 (holding Pharris likely would be subjected to the same no-bond condition again because State had filed multiple charges against him and represented that it would be filing more charges against him in that case). We conclude the capable-of-repetition-but-evading review exception does not apply to this case. *See Ex parte Bohannan*, 350 S.W.3d at 119–20.

■ Appellant further argues that his appeal is not moot due to the collateral consequences he faces after having been indicted. The collateral-consequences exception is often applied by federal courts in criminal cases in which the adverse collateral consequences of a criminal conviction are viewed as preserving the existence of the dispute even though the convicted person has completely served the sentence imposed. *See, e.g., Sibron v. New York*, 392 U.S. 40, 55–56, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Pollard v. United States*, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). To obtain a finding of mootness in such cases the prosecution must show that there is "no possibility" of adverse collateral consequences flowing from the conviction. *Sibron*, 392 U.S. at 57, 88 S.Ct. 1889.

In *Spencer v. Kemna*, 523 U.S. 1, 7–8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), the Supreme Court of the United States addressed the issue of whether a habeas petition filed by an inmate who was subsequently released pursuant to a discharged or expired sentence became moot. In *Spencer*, the petitioner contested a motion to revoke his parole. Before the federal district court ruled on his petition, however, Spencer was released from prison on parole, and his sentence expired two months later. *Id.* at 6, 118 S.Ct. 978. The Supreme Court held that Spencer's petition was moot because there was no longer a case or controversy under Article III, section 2 of the Constitution after his release. *Id.* at 14–16, 118 S.Ct. 978. The Court adhered to the principles announced in *Lane v. Williams*, 455 U.S. 624, 632, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), and required Spencer to demonstrate that he would suffer a concrete injury-in-fact attributable to his parole revocation. *Id.* at 14, 118 S.Ct. 978. In particular, the Supreme Court held that Spencer had not pointed to some concrete and continuing injury that continued to exist that constituted a "collateral consequence" of the conviction. *Id.* at 7–8, 118 S.Ct. 978. In *Spencer*, the Supreme Court recognized that a wrongful criminal conviction is presumed to have continuing collateral consequences, but it held that collateral consequences are not presumed with a parole revocation, and Spencer had failed to iden-

tify sufficient collateral consequences as a result of his parole revocation. *Id.* at 8, 14–17, 118 S.Ct. 978.

The Supreme Court of Texas applied the collateral-consequences exception in finding a juvenile defendant's appeal was not moot. *Carrillo v. State,* 480 S.W.2d 612, 616–17 (Tex.1972). Noting that juvenile adjudications carry deleterious collateral effects and legal consequences including the stigma attached to being adjudged a juvenile delinquent, the supreme court held that Carrillo's appeal was not moot because "a minor should have the right to clear himself by appeal" and this right should not disappear when the sentence given is so short that it expires before the appellate process is completed. *Id.* at 617. The supreme court also applied the collateral-consequences exception to cases in which an individual attempts to appeal an involuntary commitment. *State v. Lodge,* 608 S.W.2d 910, 912 (Tex.1980). The supreme court noted that an involuntary commitment "is manifestly severe and prejudicially unfair if the commitment is one that would not stand upon review in an effective appeal." *Id.*

Our research has not revealed any Texas precedent addressing whether the collateral-consequences exception applies in a situation such as this, in which the charges were dismissed before any conviction. If appellant had been convicted, we would presume that adverse collateral consequences flow from the conviction. However, appellant does not allege a specific adverse collateral consequence resulting from the denial of his pretrial writ of habeas corpus in light of the State's dismissal of the charges. Appellant admits this doctrine has not been applied "on the question of whether an arrest or indictment can sufficiently stigmatize a defendant to allow invocation of the protection of this exception to the mootness doctrine."

We conclude the collateral-consequences exception to mootness does not apply to this case in which appellant was not convicted, and has not identified an adverse collateral consequence that he would suffer if his issues on appeal are not addressed.

We grant the State's motion to dismiss and order the appeal dismissed.