# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00853-CR

**Ex parte Gary Bowens**

### FROM THE AUSTIN MUNICIPAL COURT
### NO. 8720248, HONORABLE MITCHELL SOLOMON, JUDGE PRESIDING

## O P I N I O N

Appellant Gary Bowens, who has been charged with violating the City of Austin's prohibition against camping in public areas, *see* Austin, Tex., Austin City Code, tit. 9, art. 2, § 9-4-11 (2018), has filed a notice of appeal from the Austin Municipal Court's order denying his pretrial application for writ of habeas corpus, which challenged the constitutionality of the City's ordinance. The State has filed a motion to dismiss, arguing that this Court does not have jurisdiction over Bowens's appeal. For the following reasons, we agree and will grant the State's motion.

"[A] defendant's right of appeal is a statutorily created right," and courts "cannot enlarge a defendant's legislatively granted right to appeal." *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) (citing *Davis v. State*, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994)). As a general rule, a criminal defendant's right of appeal is limited to an appeal from a final judgment of conviction. *See* Tex. Code Crim. Proc. art. 44.02; *Dewalt v. State*, 417 S.W.3d 678, 683–84 (Tex. App.—Austin 2013, pet. ref'd); *see also State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under [article 44.02] and its predecessors has always

been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."); *see also* Tex. Gov't Code § 30.00014(a) ("A defendant has the right of appeal from a judgment or conviction in a municipal court of record.").

However, a criminal defendant has the right to immediately appeal the denial of a pretrial application for writ of habeas corpus. *See Greenwall v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005). This is "because the habeas proceeding is in fact considered a separate 'criminal action,' and the denial of relief marks the end of the trial stage of that criminal action and the commencement of the timetable for appeal." *Id*. (citing Tex. Code Crim. Proc. art. 44.02).

Nevertheless, the appeal of the denial of habeas relief must be brought in the proper court of appellate jurisdiction. The Code of Criminal Procedure provides that "[a]ppeals from a justice or municipal court . . . shall be heard by the county court except in cases where the county court has no jurisdiction, in which counties such appeals shall be heard by the proper court." Tex. Code Crim. Proc. art. 45.042(a); *see also* Tex. Gov't Code §§ 25.0003(a) (providing that statutory county courts have "jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts"), 25.2292 (describing jurisdiction of Travis County Courts at Law). County courts "shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction." Tex. Code Crim. Proc. art. 4.08. Municipal courts of record, including the Austin Municipal Court, have original jurisdiction of habeas cases "in which the offense charged is within the jurisdiction of the court," such as the alleged violation of the city ordinance at issue here. *See* Tex. Gov't Code § 30.00006(e); *see also*

2

*id.* § 30.00005 (describing jurisdiction of municipal courts of record). Based on these provisions, we conclude that the Travis County Courts at Law have appellate jurisdiction over the denial of habeas relief in the Austin Municipal Court. *See also id.* §§ 30.00014(a) ("The county criminal courts or county criminal courts of appeal in the county in which the municipality is located or the municipal courts of appeal have jurisdiction of appeals from a municipal court of record."), 30.00731(b) (providing that in Austin Municipal Court, "'appellate courts' means the county courts at law of Travis County that have criminal appellate jurisdiction").

Courts of appeals, on the other hand, do not have jurisdiction over appeals from municipal courts, with two exceptions: "(1) the fine assessed against the defendant exceeds $100 and *the judgment is affirmed* by the appellate [i.e., county] court; or (2) the sole issue is the constitutionality of the statute or ordinance on which *a conviction* is based." *Id.* § 30.00027(a) (emphasis added); *see also* Tex. Const. art. V, § 6(a) (providing that appellate jurisdiction of courts of appeals, although broad, is subject to "such restrictions and regulations as may be prescribed by law"); Tex. Code Crim. Proc. art. 4.03 (providing that appellate jurisdiction of courts of appeals "shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based"). In his pretrial habeas application, Bowens's sole issue was the constitutionality of the city ordinance. However, because Bowens brought his constitutional challenge prior to trial, there has been no conviction in the municipal court, nor has there been a

3

municipal-court judgment affirmed by the county court. Thus, section 30.00027 does not apply here and, consequently, this Court lacks jurisdiction over Bowens's appeal. *See Alexander v. State*, 240 S.W.3d 72, 74–75 (Tex. App.—Austin 2007, no pet.). Accordingly, we grant the State's motion to dismiss and dismiss the appeal for want of jurisdiction.[1]

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed:   March 12, 2019

Publish

---

[1] The record reflects that Bowens timely filed his notice of appeal with the trial-court clerk. *See* Tex. R. App. P. 25.2(c)(1), 26.2(a)(1). Accordingly, his appeal may proceed in the appropriate county court below.