# NO. 12-20-00141-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 87TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *DONNIE REED DAVIS* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Donnie Reed Davis was arrested for possession of marijuana and aggravated assault with a deadly weapon. On April 29, 2020, he filed an application for writ of habeas corpus, in which he requested release, a personal bond, or reasonable bond under Article 17.151 of the code of criminal procedure.[1] The habeas proceeding was assigned trial court cause number DCCV20-1729-87. Appellant alleged that he had been continuously detained in jail since his arrest on February 2, over ninety days had passed since his arrest and confinement, and the State was not ready for trial within the time specified by Article 17.151. In its order denying habeas relief, the trial court stated the following:

> Defendant meets the requirements for release on a reduced or a personal bond pursuant to Article 17.151 of the Texas Code of Criminal Procedure. On March 29, 2020, however, the Governor of the State of Texas issued Executive Order GA-13, which suspends Article 17.151. Accordingly, because Article 17.151 is suspended, Defendant's Application for a Writ of Habeas Corpus is DENIED.[2]

---

[1] A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within 90 days from the commencement of his detention if he is accused of a felony. TEX. CODE CRIM. PROC. ANN. art 17.151 §1(1) (West 2015).

[2] On March 29, 2020, Texas Governor Greg Abbott signed Executive Order GA-13, which states in pertinent part, "Article 17.151 of the Texas Code of Criminal Procedure is hereby suspended to the extent necessary

Davis then filed this original proceeding to argue that the trial court erred by relying on GA-13, which Davis contends is unconstitutional, in refusing to comply with Article 17.151.

Subsequently, Appellant filed a motion for examining trial, which was assigned trial court cause number DCCV20-1752-369. The trial court signed an order finding no probable cause to hold Appellant for the aggravated assault charge and stating that the charge should be dismissed without prejudice. Appellant's jail report reflects that he was released on June 26. Because of these subsequent events, the State filed a motion to dismiss this appeal as moot. In response, Appellant argues that the appeal should not be dismissed as moot because the issue presented is capable of repetition and evades review.[3]

When subsequent developments destroy the premise of a habeas corpus application, the legal issues raised thereunder become moot. *McGuire v. State*, 493 S.W.3d 177, 207-08 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). A moot case is generally not justiciable. *Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005). An exception to that general rule is when a claim is "capable of repetition, yet evading review," which is limited to a situation that includes two elements: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Id*. at 687-88. Here, Appellant has been released from jail. Thus, any failure to comply with Article 17.151 is now a moot issue. *See Ex parte Zhang*, No. 01-18-00484-CR, 2019 WL 1119607, at *1 (Tex. App.—Houston [1st Dist.] Mar. 12, 2019, no pet.) (mem. op., not designated for publication) (per curiam) (appeal from denial of habeas application filed pursuant to Article 17.151 was rendered moot upon appellant's posting of bond and release from custody); *see also Ex parte Huerta*, 582 S.W.3d 407, 410-11

---

to prevent any person's automatic release on personal bond because the State is not ready for trial." https://gov.texas.gov/uploads/files/press/EO-GA-13_jails_and_bail_for_COVID-19_IMAGE_03-29-2020.pdf.

[3] Collateral consequences is another exception to the mootness doctrine. *See Ex parte Sewell*, 495 S.W.3d 54, 56 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("collateral-consequences exception is often applied by federal courts in criminal cases in which the adverse collateral consequences of a criminal conviction are viewed as preserving the existence of the dispute even though the convicted person has completely served the sentence imposed"). Davis does not mention this exception or assert any collateral consequence stemming from the denial of his application for writ of habeas corpus when there is an order finding a lack of probable cause to hold him for aggravated assault and he has been released from jail. *See id*. (exception did not apply where appellant had not been convicted and he did not identify any adverse collateral consequence that he would suffer if his issues on appeal were not addressed).

(Tex. App.—Amarillo 2018, pet. ref'd) (Huerta alleged he was confined and restrained in violation of constitutional rights, but his subsequent release from jail rendered moot his challenges to the legality of his confinement). Nevertheless, Appellant urges that the "capable of repetition, yet evading review" exception is met for the following reasons: (1) "GA-13 has inflicted harm in the margin between pretrial incarceration and appellate review;" and (2) should the State indict him, "he will again suffer unlawful pretrial incarceration instead of being released on his own recognizance."

However, regarding the first requirement for invoking the exception, Davis cannot show that the challenged action is always so short as to evade review. *See Spencer v. Kemna*, 523 U.S. 1, 18, 118 S. Ct. 978, 988, 140 L. Ed. 2d 43 (1998). "An issue does not evade appellate review if it has been addressed on the merits by appellate courts." *Jasper v. State*, No. 04-05-00907-CR, 2006 WL 2871334, at *1 (Tex. App.—San Antonio Oct. 11, 2006, pet. withdrawn) (mem. op., not designated for publication); *see Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 762 (Tex. App.–Fort Worth 2010, pet. denied). Appellate courts, including this Court, have addressed Article 17.151 challenges on multiple occasions. *See Harrison v. State,* No. 12-18-00110-CR, 2018 WL 3866227 (Tex. App.—Tyler Aug. 15, 2018, pet. ref'd) (mem. op., not designated for publication); *Ex parte Lopez*, No. 01-17-00586-CR, 2018 WL 3384636 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op., not designated for publication); *Ex parte Jackson*, No. 03-17-00301-CR, 2018 WL 1598919 (Tex. App.—Austin Apr. 3, 2018, no pet.) (mem. op., not designated for publication); *Ex parte Vanorman*, 460 S.W.3d 700 (Tex. App.—Beaumont 2015, no pet.); *Ex parte Craft*, 301 S.W.3d 447 (Tex. App.—Fort Worth 2009, no pet.) (per curiam). And we fail to see how any argument regarding GA-13 could not also be addressed as part of such a challenge. Accordingly, the capable of repetition yet evading review exception does not apply to this case. *See Meeker*, 317 S.W.3d at 762 (exception did not apply to challenge regarding adequacy of public meeting-agenda notices where Texas courts had addressed adequacy of public meeting-agenda notices on numerous occasions); *see also Jasper*, 2006 WL 2871334, at *1 (issues regarding failure to admonish on self-representation and violation of Article 43.03 of code of criminal procedure did not evade review where both had been addressed on merits in numerous cases).

## DISPOSITION

For the reasons discussed above, we conclude that there is no longer a justiciable controversy before this Court. Therefore, we ***grant*** the State's motion to dismiss and we ***dismiss*** the appeal as moot.

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-20-00141-CR**

**EX PARTE: DONNIE REED DAVIS**

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. DCCV20-1729-87)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed as moot**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*