**Opinion issued June 27, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00117-CR**

**NO. 01-23-00118-CR**

———————————

**EX PARTE JONATHAN INGRAM, Appellant**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1784181 & 1803439**

---

**MEMORANDUM OPINION**

In each trial court cause, appellant Johnathan Ingram filed pretrial applications for writ of habeas corpus, arguing that the statute under which he was charged was facially unconstitutional. The trial court denied the applications on January 19, 2023. Appellant filed notices of appeal on February 3, 2023.

On March 3, 2023, appellant's counsel filed motions to dismiss, contending that appellant had pleaded guilty and no longer wished to prosecute the appeals. The

motions failed to comply with Rule 42.2(a) in that they did not include appellant's signature. *See* TEX. R. APP. P. 42.2(a). Because these motions did not comply with Rule 42.2(a), the Court denied the motions.

The clerk's records and supplemental clerk's records indicate that appellant pleaded guilty in return for the State's recommendation that punishment be set at two years' deferred adjudication community supervision. On February 8, 2023, the trial court entered orders of deferred adjudication based on the plea bargain and placing appellant on deferred adjudication community supervision for two years.

On May 25, 2023, the Court issued a notice that the appeals might be dismissed as moot given that appellant had pleaded guilty and was no longer confined on the charges for which he had sought habeas relief. *See Ex parte Sewell*, 495 S.W.3d 54, 55 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (observing that appeal from denial of application for writ of habeas corpus is moot once appellant is no longer confined on charge). Appellant filed no response to the notice.

Accordingly, we dismiss these appeals as moot. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).