

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-23-00245-CR |
| EX PARTE: | § | Appeal from the |
| BILAL MUHAMMAD | § | 168th Judicial District Court |
| Appellant. | § | of El Paso County, Texas |
| | § | (TC# 2019DCV2636) |

## <u>MEMORANDUM OPINION</u>

Appellant, Bilal Muhammad, pro se, attempts to appeal the purported denial of his pretrial application for writ of habeas corpus. We dismiss for want of jurisdiction.

The State charged Appellant by indictment with the murder of Lane Wiscombe in cause number 20160D01015. This case marks Appellant's ninth pro se appearance before this Court challenging the terms of his pretrial detention. *See Ex parte Muhammad*, No. 08-22-00234-CR, 2022 WL 17553028, at *1 (Tex. App.—El Paso Dec. 9, 2022, no pet.) (mem. op., not designated for publication) (listing previous appeals); *see also Ex parte Muhammad*, No. 08-23-00069-CR, 2023 WL 2658035, at *1 (Tex. App.—El Paso March 27, 2023, no pet.) (mem. op., not designated for publication). Appellant awaits trial in the 168th Judicial District Court of El Paso County, Texas, based on the pending indictment.

On September 7, 2023, Appellant filed a notice of appeal in this Court which states that he desires to appeal from an order denying his application for writ of habeas corpus, which Appellant asserts was signed by the trial court on August 7, 2023. However, our review of the record finds that the order was signed June 5, 2020.[1] Concluding that an appeal of the June 5, 2020 order was untimely, the Clerk of this Court, on September 7, 2023, sent a letter to the parties informing them that it appeared there was no appealable order or judgment in support of the appeal. The Clerk provided notice of intent to dismiss the appeal for want of jurisdiction unless any party showed, within 15 days from the date of the notice, grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3.

Appellant responded to this Court's letter, urging us to exercise jurisdiction on the basis of Texas Rules of Appellate Procedure 4.2, 4.6, and Texas Rule of Civil Procedure 306a. Appellant's primary contention is that he did not receive proper notice of the June 5, 2020 order and, under the aforementioned rules, his appeal is timely. We disagree.

Habeas proceedings are considered separate criminal actions under Article 44.02 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.02; *Ex parte Bowens*, 572 S.W.3d 322, 324 (Tex. App.—Austin 2019, no pet.). The denial of a pretrial habeas corpus writ application is a final appealable order. *See Greenwell v. Court of Appeals for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005). Rule 26.2 of the Texas Rules of Appellate Procedure controls the timetable for perfecting an appeal in a criminal case. TEX. R. APP. P. 26.2(a)(1). A defendant must file a notice of appeal within 30 days of the date sentence is imposed in open court or the trial court enters a written order. *Id.*; *Ex parte Evans*, 611 S.W.3d 86, 88 (Tex. App.—Waco 2020, no pet.). Here, Appellant has not been sentenced, so we consider the date of

---

[1] We note that although the Order states that it was signed on June 5, 2020, it is file stamped August 7, 2023.

2

the written order for the purpose of Rule 26.2(a)(1). *See Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018) (interpreting Rule 26.2 and finding that two events can start the appellate timetable; imposition of sentence in open court or the entry of an appealable order). Thus, Appellant had 30 days from the date of the June 5, 2020, order to file his notice of appeal. Because Appellant filed his appeal more than three years later, on September 7, 2023, the appeal is untimely.

Appellant's response asserts that his appeal is nonetheless timely because he did not receive notice of the judgment which extended the 30-day period and provided additional time to file a notice of appeal. Appellant first relies on Rule 4.2 of the Texas Rules of Appellate Procedure, which governs the time and notice provisions when a party does not receive notice of a judgment in a civil case. TEX. R. APP. P. 4.2. We conclude that Rule 4.2 does not apply in the context of a criminal proceeding. Next, Appellant invokes Rule 4.6 of the Texas Rules of Appellate Procedure which governs motions for post-conviction DNA testing. TEX. R. APP. P. 4.6. We find this rule equally inapplicable—the June 5, 2020, order concerned a pretrial application for habeas corpus, not a motion for post-conviction forensic DNA testing.

Finally, Appellant urges us to find that he did not receive proper notice of the judgment pursuant to Rule 306a of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 306a (governing time periods for civil litigation and extending the appellate timetable when a party does not receive notice of judgment). Appellant's reply states that he did not receive notice of the judgment until August 15, 2023, more than 20 days after the judgment was signed.[2] Again, we find this rule is

---

[2] In support of this argument, attached to Appellant's response is a Rule 306a notice from the trial court which states: "You are hereby notified . . . a judgment/order was signed by The Honorable Dick Alcala, presiding on 08/07/2023, in the above-styled and numbered cause[.]" Appellant argues both that he did not receive notice of the June 5, 2020 order and that the date on the order is a "clerical error" because the Rule 306a notice refers to a judgment signed on

inapplicable—because habeas corpus proceedings are criminal in nature, the rules of civil procedure do not apply. *See Ex parte Speckman*, 537 S.W.3d 49, 53 (Tex. Crim. App. 2017).

We conclude Appellant has not shown grounds for continuing the appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

YVONNE T. RODRIGUEZ, Chief Justice

September 29, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.

---

August 7, 2023. The record in this case does not contain an order dated August 7, 2023, and we base our disposition of this appeal on the written order contained in the record, dated June 5, 2020.