

# NUMBER 13-24-00012-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE BILLY WILSON

## ON APPEAL FROM THE 94TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Silva
### Memorandum Opinion by Justice Benavides

On January 3, 2024, appellant Billy Wilson filed a notice of appeal from an order setting bond in a habeas corpus proceeding in trial court cause number 23FC-3828-C in the 94th District Court of Nueces County, Texas. On February 5, 2024, appellant's counsel filed a letter stating that appellant had been transferred to the Bexar County jail on a detainer, and that "[c]ounsel believes the appeal has become moot because [appellant] would still be in custody even if he had received [his] requested relief in the trial court or in this appeal." Appellant's counsel advised this Court that he was unable to

obtain appellant's signature in order to file a motion for voluntary dismissal of the appeal. *See* TEX. R. APP. P. 42.2.

In order to avoid delay and to preserve the parties' rights, we abated this appeal and remanded it to the trial court. *See id.* R. 44.3, 44.4. We directed the trial court to make appropriate findings and recommendations concerning: (1) whether appellant wished to pursue his appeal; (2) whether appellant had effectively abandoned the appeal; (3) if counsel had abandoned the representation of appellant; (4) whether appellant's rights were adversely affected by delay; (5) whether new counsel should be appointed; and (6) whether any other orders were necessary to ensure the proper and timely pursuit of appellant's appeal. We directed the trial court to file supplemental clerk's and reporter's records regarding the proceedings on remand.

The trial court has now filed these supplemental records. Therefore, we reinstate the appeal. According to these supplemental records, "the State has declined to prosecute this case and [appellant] and his sureties have been released from further obligations under the bond[,] which is the subject of the present appeal, thus rendering the appeal moot."

The mootness doctrine limits courts to deciding cases in which there is an actual controversy between the parties. *Truong v. State*, 580 S.W.3d 203, 207 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *Ex parte Sewell*, 495 S.W.3d 54, 55 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise

and the court may not decide the appeal." *Ex parte Flores*, 130 S.W.3d 100, 105 (Tex. App.—El Paso 2003, pet. ref'd); *see State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) ("It is axiomatic that a cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy."). An appellate court has no jurisdiction to decide moot controversies and issue advisory opinions. *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd).

The Court, having examined and fully considered the events on remand, the supplemental records, and the applicable law, is of the opinion that this appeal has been rendered moot. Accordingly, we dismiss the appeal.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of May, 2024.

3