**Opinion issued March 20, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00473-CR**

**NO. 01-24-00474-CR**

————————————

**ROBERT GOLDSMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1814484, 1814485**

---

**MEMORANDUM OPINION**

A Harris County jury convicted Robert Goldsmith of the third-degree felony

offense of evading arrest or detention with a vehicle and the state-jail felony offense

of unauthorized use of a motor vehicle.[1] *See* TEX. PENAL CODE §§ 38.04(a), (b)(2)(A), 31.07. For both offenses, the jury also answered "true" to two enhancement paragraphs. *See id.* §§ 12.42(d), 12.425(b), 12.33(a). The trial court assessed Goldsmith's punishment at twenty-eight years' confinement for the evading arrest conviction and at five years' confinement for the unauthorized use of a motor vehicle conviction, to run concurrently. In each case, the judgment imposed court costs and reimbursement fees, which were later itemized in a criminal bill of costs. Goldsmith timely filed notices of appeal in each case. Goldsmith's counsel filed a brief in each case arguing that no issues of reversible error exist and challenging the imposition of fees and costs. We affirm the judgments as modified and grant counsel's motion to withdraw.

### *Anders* Analysis

Goldsmith's appointed appellate counsel has filed a motion to withdraw in each appeal, along with a brief stating that the records present no reversible error and thus the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's briefs meet the *Anders* requirements by presenting a professional evaluation of the records and supplying us with references

---

[1] The evading arrest offense corresponds to appellate cause number 01-24-00473-CR and trial court cause number 1814484. The unauthorized use of a motor vehicle offense corresponds to appellate cause number 01-24-00474-CR and trial court cause number 1814485.

to the records and to legal authority. *See id.*; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel states that he has thoroughly reviewed the record in each appeal and is unable to advance any ground of error that warrants reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Goldsmith's counsel has certified that he provided Goldsmith with a copy of the briefs and the motions to withdraw. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Counsel has also certified that he informed Goldsmith of his right to file a pro se response and provided him with a copy of the record in each appeal.[2] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Goldsmith filed a motion requesting access to the appellate records, which this Court granted, but he did not file a pro se response in either appeal.

We have independently reviewed the entire record in each appeal, and we conclude that no reversible error exists in the records, and except for the challenge to court costs and fees, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (stating that reviewing court, not counsel,

---

[2] This Court also notified Goldsmith that his counsel had filed an *Anders* brief and a motion to withdraw in each appeal and informed him that he had a right to examine the appellate records and file a response to his counsel's *Anders* brief. This Court also provided Goldsmith with a form motion to access the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008).

3

determines "after a full examination of all the proceedings" whether "the case is wholly frivolous"); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (stating that reviewing court has duty to determine whether arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155 (stating that we make this determination by reviewing "entire record"). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).

## Court Costs and Fees

Although not an arguable ground for reversal, Goldsmith challenges the court costs and fees assessed in both judgments. Specifically, Goldsmith argues that the bills of costs evidence the trial court's intent to waive the costs and fees altogether. Goldsmith requests that the Court modify the judgment in each appeal to reflect a waiver of the fees and costs.[3] The State responds that the issue is moot because the bills of costs reflect that Goldsmith owes $0. Alternatively, the State agrees with Goldsmith that the trial court waived costs and fees in both appeals, and it argues that if the issue is not moot, the Court should modify the judgment in each case to

---

[3] Goldsmith also argues that the bills of costs improperly calculated the fees for summoning witnesses. *See* TEX. CODE CRIM. PROC. art. 102.011(a)(3). However, because we ultimately conclude that the judgment should be modified to reflect that the fees and costs were waived, we need not consider this alternative argument. *See* TEX. R. APP. P. 47.1.

4

indicate that no costs or fees were assessed against Goldsmith due to the trial court's finding that he is indigent.

Appellate courts have the authority to modify a trial court's judgment when the appellate record contains the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This authority extends "to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed." *Ledet v. State*, No. 01-22-00015-CR, 2022 WL 3589182, at *2 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.) (per curiam) (mem. op., not designated for publication) (quoting *Hubbard v. State*, No. 02-13-00300-CR, 2014 WL 1767475, at *1 (Tex. App.—Fort Worth May 1, 2014, no pet.) (per curiam) (mem. op., not designated for publication)); *see Cummins v. State*, 646 S.W.3d 605, 617 (Tex. App.—Waco 2022, pet. ref'd). When, as here, court costs are not imposed in open court and the judgment does not itemize the costs, a defendant may challenge the court costs assessed in a bill of costs for the first time on appeal. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016); *Cummins*, 646 S.W.3d at 616.

"Only statutorily authorized court costs may be assessed against a criminal defendant." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Thus, we may modify the bill of costs to reflect the appropriate statutory costs and delete improper charges. *See id.* at 390 ("[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost."); *Pacas v. State*, 612 S.W.3d 588,

5

596–97 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Segura v. State*, No. 02-21-00052-CR, 2022 WL 2840143, at *2 (Tex. App.—Fort Worth July 21, 2022, no pet.) (mem. op., not designated for publication). A bill of costs need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011).

If a trial court determines that a defendant is indigent and thus lacks "sufficient resources or income to immediately pay all or part of the costs," the court may waive the costs in full or in part. TEX. CODE CRIM. PROC. arts. 42.15(a-1)(3), 43.091(c). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.* art. 26.04(p); *see London*, 490 S.W.3d at 509.

In the judgment of conviction underlying appellate cause number 01-24-00473-CR, the trial court assessed $290 in court costs and $145 in reimbursement fees against Goldsmith, for a total of $435. In the judgment of conviction underlying appellate cause number 01-24-00474-CR, the trial court assessed $290 in court costs and $25 in reimbursement fees against Goldsmith, for a total of $315. Neither judgment itemized the costs and fees. However, the criminal bill of costs issued in each case itemized the total fees and costs reflected in each judgment. Both bills of

6

costs further stated that the entire amount of the costs and fees in each case were "Probated or Waived," and they reflected that Goldsmith owed $0 in each case.

As an initial matter, we disagree with the State that the issue of waiver of costs and fees is moot. When an issue becomes moot, there no longer exists a controversy between the litigating parties as to that issue. *See Ex parte Sewell*, 495 S.W.3d 54, 55 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A moot issue is not justiciable. *See id.* Here, the bill of costs in each case stated that the total amount of costs and fees was "Probated or Waived." The term "probated" indicates that the costs and fees may have been suspended rather than waived. *See Probate*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "probate" to include "to suspend (a sentence) by means of probation"). Thus, neither bill of costs resolves the issue whether the costs and fees were waived or were instead probated. We therefore conclude that a justiciable controversy exists concerning whether costs and fees were waived.

Nevertheless, the State does not dispute Goldsmith's contention that the costs and fees were waived. Goldsmith was eligible for waiver of costs and fees because the trial court determined that he was indigent. *See* TEX. CODE CRIM. PROC. arts. 42.15(a-1)(3), 43.091(c), 26.04(p). As the State points out, in a similar situation, this Court has previously vacated the bill of costs and modified the judgment to include a special order stating, "No costs assessed against [the defendant] due to trial court's finding of indigency." *See Brown v. State*, No. 01-20-00306-CR, 2021 WL 1537651,

at *1 (Tex. App.—Houston [1st Dist.] Apr. 20, 2021, no pet.) (mem. op., not designated for publication). Because the State does not dispute Goldsmith's contention that the trial court waived costs and fees in each appeal, we conclude that the bill of costs in each appeal should be vacated and the judgment in each appeal should be modified to reflect that no costs or fees were assessed against Goldsmith due to the trial court's finding of indigency.

We sustain this issue.

## Conclusion

We vacate the criminal bill of costs in each appeal. We further modify the judgment in each appeal to state "No costs or fees assessed against Robert Goldsmith due to the trial court's finding of indigency" and affirm the judgments as modified. We further grant counsel's motion to withdraw. Attorney Allen C. Isbell must immediately send Goldsmith the required notice and file a copy of the notice with the Clerk of this Court.[4] *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] Appointed counsel still has a duty to inform Goldsmith of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).