

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00218-CR

———————————————

KEVIN BECKSTRAND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1788472

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

On appeal from his plea-bargained conviction for obstruction of or retaliation against a witness, Kevin Beckstrand challenges the trial court's pretrial rulings denying his attempts to quash a stalking count with which he had also been charged but the State ultimately dismissed. Because we hold that Beckstrand's complaint is moot, we dismiss the appeal.

## II. BACKGROUND

In a single indictment, the State charged Beckstrand with two counts of stalking and one count of obstruction of or retaliation against a witness. *See* Tex. Penal Code Ann. §§ 36.06, 42.072. The indictment also contained two repeat-offender allegations. Before trial, the State waived one of the stalking counts.

Also before trial, Beckstrand filed a pro se motion to quash the indictment and an application for habeas relief, in which he raised a facial challenge to the constitutionality of Texas Penal Code Section 42.072, the stalking statute.[1] His appointed counsel also filed an application for habeas relief on the same ground. The trial court denied the motion to quash and applications for habeas relief by written order.

---

[1]Beckstrand argued that Section 42.072 runs afoul of the United States Supreme Court's opinion in *Counterman v. Colorado*, in which it held that no less than a reckless mens rea is required in a true-threats case. 600 U.S. 66, 78–82, 143 S. Ct. 2106, 2117–19 (2023).

The State waived one of the stalking counts before trial but proceeded to trial on the obstruction-or-retaliation count and the remaining stalking count. After a three-day trial, both counts were presented to the jury for deliberation. The jury sent several notes to the trial judge; its last note indicated that it was hung on the stalking count but unanimous on the obstruction-or-retaliation count. After the trial judge expressed his intent to tell the jury to continue deliberating, Beckstrand and the State agreed to a plea agreement pursuant to which (1) Beckstrand pleaded guilty to the obstruction-or-retaliation charge and (2) the State waived the stalking charge and two enhancement paragraphs and recommended a sentence of five years' confinement. The trial court accepted the plea, assessed Beckstrand's punishment at five years' confinement, and sentenced him accordingly.

Afterward, Beckstrand's counsel stated, "[W]e're going to give notice of appeal to appeal the pretrial issues." Accordingly, the trial court's certification of Beckstrand's right to appeal indicates that the case "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." On appeal, Beckstrand brings a single issue, raising the same facial challenge to the constitutionality of the stalking statute that he raised in the trial court. The State, however, contends that Beckstrand's challenge is moot.

### III. MOOTNESS

The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Ex parte Sewell*, 495 S.W.3d 54, 55 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Ex parte Flores,* 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). When there has ceased to be a controversy between the parties, a decision by an appellate court would be a mere academic exercise; therefore, the court may not decide the appeal. *Sewell*, 495 S.W.3d at 55. A case that is moot is normally not justiciable. *Pharris v. State,* 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005).

A complaint that may otherwise appear moot is nevertheless not moot (1) when it is capable of repetition yet evading review or (2) when additional adverse legal consequences—collateral consequences—can be imposed as a result of a judgment or conviction. *See Weinstein v. Bradford,* 423 U.S. 147, 148–49, 96 S. Ct. 347, 348–49 (1975); *Sibron v. New York*, 392 U.S. 40, 53–57, 88 S. Ct. 1889, 1898–99 (1968); *Pharris*, 165 S.W.3d at 687–88; *Sewell*, 495 S.W.3d at 56. The first scenario is limited to when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein*, 423 U.S. at 149, 96 S. Ct. at 349. The second situation does not apply to a charge dismissed before a conviction, in the absence of some other identified adverse consequence. *See Sewell*, 495 S.W.3d at 57.

4

Neither situation applies here because the State's waiver of the stalking charge after it was submitted to the jury operates as an acquittal of that charge; thus, Beckstrand cannot be prosecuted again for that charge. *See, e.g.*, *Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016); *cf. Sewell*, 495 S.W.3d at 56 (holding same when, before jury was seated, State dismissed count challenged on appeal as part of plea bargain to a different count not challenged on appeal).

Beckstrand argues that the appeal is not moot because he "endured the professional and social stigma attached to a public jury trial" and "never enjoyed a full acquittal of that accusation." The only law he cites in support is inapposite.[2] We join our sister court in Houston, which—after noting, "Our research has not revealed any Texas precedent addressing whether the collateral-consequences exception applies in a situation such as this, in which the charges were dismissed before any conviction"—

[2]Beckstrand cites a case holding that an appeal from the granting of a protective order does not become moot when that protective order expires before the appeal is decided. *Flores*, 130 S.W.3d at 102–03, 105. But, here, Beckstrand has identified no adverse consequences from the stalking charge other than standing trial. He also cites a civil case affirming damages for malicious prosecution based on the fear, anxiety, and emotional strain the plaintiff had experienced as a result of charges being brought against her. *Thrift v. Hubbard*, 974 S.W.2d 70, 81 (Tex. App.—San Antonio 1998, pet. denied). This case, too, is inapposite. Finally, he cites a case in which the Austin Court of Appeals held that an appeal from a vacated civil-commitment renewal order was moot. *Barnes v. State*, No. 03-12-00631-CV, 2016 WL 3919680, at *1, *3 (Tex. App.—Austin July 13, 2016, no pet.) (mem. op.). In doing so, the court noted that the appellant's only alternative to receiving mental-health services would have been to stand trial for her pending felony charge, which "would itself carry a stigma." *Id.* at *3. But, in doing so, the court did not hold that standing trial on a subsequently dismissed charge was a collateral consequence that could nevertheless be appealed from a conviction for a different charge.

held that the collateral-consequences principle "does not apply to this case in which [the] appellant was not convicted, and has not identified an adverse collateral consequence that he would suffer if his issues on appeal are not addressed." *Sewell*, 495 S.W.3d at 57; *see also* Tex. R. App. P. 44.2 (providing that constitutional errors are not reversible unless they affect the "conviction or punishment" and that nonconstitutional errors are not reversible unless they affect "substantial rights"); *Ex parte Bowens*, 572 S.W.3d 322, 324 (Tex. App.—Austin 2019, no pet.) ("As a general rule, a criminal defendant's right of appeal is limited to an appeal from a final judgment of conviction.").

Accordingly, we hold that this appeal is moot.

In urging that we reverse his guilty plea to the obstruction-or-retaliation charge because of the trial court's allegedly erroneous denial of his pretrial motion challenging the constitutionality of the stalking charge—a complaint that he did not raise regarding the obstruction-or-retaliation charge—Beckstrand is, in effect, arguing that the pretrial ruling vis á vis the stalking charge affected the validity of his guilty plea to the obstruction-or-retaliation charge.[3] That is not a complaint that he raised by written and ruled-upon pretrial motion, nor did he obtain permission to appeal on

---

[3]In his brief, Beckstrand argues, "If this Court declared Texas's stalking statute unconstitutional and reversed the trial court's judgment, Beckstrand would be better poised to negotiate a more favorable plea agreement."

that ground.  Accordingly, we have no authority to address such an argument.  *See* Tex. R. App. P. 25.2(a)(2).

## IV.  CONCLUSION

Having determined that Beckstrand's appeal is moot, we dismiss it.[4]  *See Sewell*, 495 S.W.3d at 57.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  August 14, 2025

---

[4]Because we are dismissing the appeal as moot, we deny appellant's motion to abate the appeal.